THE PEOPLE *v*. GONZALEZ.

APPEAL from the District Court of Ponce.

No. 96.—Decided December 5, 1905.

HABEAS CORPUS—APPEAL DE FACTO OFFICIALS.—Where in a criminal prosecution a person acts as secretary who was not an official *de jure*, by reason of the fact that his appointment was not authorized by law, he would nevertheless be

an official *de facto*, and his acts as such could not be attacked in a collateral proceeding, such as an appeal; nor would that fact render either the proceedings or the judgment therein null and void.

The facts are stated in the opinion.

*Mr. Rossy, fiscal,* for The People.

The appellant did not appear.

MR. JUSTICE MACLEARY delivered the opinion of the court.

The applicant in this case was accused, tried and convicted of the offense of aggravated assault (*agresión grave*) in the Municipal Court of Ponce, and sentenced to the punishment of one year in the jail of that city, to which he was committed on the 1st of August, 1905. On the same day he made application for *habeas corpus* to Hon. José Tous Soto, judge of the District Court of Ponce, on the ground that the commitment showed that the sentence was illegal, because the person acting as secretary of the court during the trial, and swearing the witness who testified, was not the secretary of the court, nor an official employed by said municipal court. He refers as authority to sections 469 and 483, paragraph 3, of the Code of Criminal Procedure.

He was brought before the judge on *habeas corpus*, and after due consideration of his case was remanded to the custody of the warden of the jail; whereupon he took an appeal to this court, and gave a bond in the sum of $200.

The appeal was filed here on the 11th of November last, and heard on the 28th of the same month. The first of the sections referred to merely recites that a person unlawfully imprisoned may prosecute a writ of *habeas corpus*. The second section, 483, paragraph 3, commands that he be liberated "when the process is defective in some matter of substance required by law, rendering such process void."

It seems, from a certificate of Felipe Casalduc, the municipal judge who tried the case, that during the absence of the secretary of his court, one Natalio Gonzalez was appointed as acting secretary, and discharged the duties of that officer during the trial of the petitioner. Whether or not this action on

the part of the municipal judge amounted to an irregularity, it is unnecessary to determine. It certainly did not render the proceedings in the trial and the consequent conviction of the prisoner void. Natalio González was an officer *de facto,* if not *de jure,* and as such, whatever he may have done in the discharge of his duty cannot be inquired into in a collateral proceeding. See the opinion of this court in the case of *Antonio Rivera et al.,* affirmed on the 21st of November, 1905, and the case of *Hobart S. Bird,* which is referred to in said opinion.

Inasmuch as the commitment and the judgment under which the petitioner was imprisoned are sufficient and not void, the judgment of the district judge remanding the prisoner to jail should be affirmed.

*Affirmed.*

Chief Justice Quiñones, and Justices Hernández, Figueras and Wolf concurred.